IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORIANNA FERRARA, BEABI NANKU, and EDWARD KAMINSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE GARDEN STATE INSURANCE CO., a foreign corporation, and DRIVE NEW JERSEY INSURANCE COMPANY, a foreign corporation,<br><br>Defendants. | CASE NO.:<br><br><br><br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiffs Lorianna Ferrara, Beabi Nanku, and Edward Kaminski, on behalf of themselves and all others similarly situated, file this Class Action Complaint against Defendants Progressive Garden State Insurance Co. ("Progressive Garden State") and Drive New Jersey Insurance Company ("Drive New Jersey"), and in support thereof state the following:

## NATURE OF THE ACTION

1. Plaintiffs Ferrara and Nanku were insured under automobile insurance policies issued by Defendant Progressive Garden State and suffered total losses of their insured vehicles. Plaintiffs Ferrara and Nanku made covered claims for physical damage under their policies. Progressive Garden State breached its policy contracts with Ferrara and Nanku by failing to pay the cost of title transfer fees and registration transfer fees due under their polices.

2. Plaintiff Kaminski was insured under an automobile insurance policy issued by Defendant Drive New Jersey, an affiliate of Progressive Garden State, and suffered a total loss of his insured vehicle. Plaintiff Kaminski made a covered claim for physical damage under his

policy. Drive New Jersey breached its policy contract with Kaminski by failing to pay the cost of title transfer fees and registration transfer fees due under the policy

3. Defendants Progressive Garden State and Drive New Jersey are entities operating and transacting in insurance under the umbrella of the Progressive Group of Insurance Companies. Upon information and belief, the automobile policies and relevant policy language used and implemented by Defendants in New Jersey are materially identical. Attached hereto as Exhibit A is the Progressive policy (the "Progressive Policy") issued to Plaintiff Nanku, and the language found therein is applicable to each Plaintiff and all putative Class members.

4. The Progressive Policy promises to pay for any "loss" to the insured vehicle, whether resulting from collision (such as a motor vehicle accident) or otherwise (such as theft). (Ex. A, Progressive Policy at 38-39.) Plaintiffs and all Class members suffered loss in the form of a "total loss" – a loss of the entire vehicle.

5. The Progressive Policy limits Defendants liability on first-party total loss physical damage claims to the Actual Cash Value ("ACV") of the damaged property. (*Id.* at 43.) The Progressive Policy requires Defendants to determine ACV for the property at "the time of the loss." (*Id.*)

6. New Jersey requires all vehicles to be legally titled and registered; otherwise, insureds cannot operate the vehicles at all.

7. By law, an ACV policy indemnifies insureds such that payment for the "loss" of a legally titled and registered vehicle legally operable in New Jersey necessarily includes, at minimum, an amount sufficient to legally operate a vehicle in New Jersey, just as the insureds did prior to the loss.

8. All else being equal, the value of a vehicle that is legally operable is higher than

the value of a vehicle that is not legally operable. Mandatory title and registration transfer fees are a factor that willing buyers and sellers consider in vehicle transactions.

9. The ACV of a vehicle thus includes mandatory, unavoidable title transfer fees and registration (tag) transfer fees.

10. Defendants, however, as a matter of uniform procedure and process, do not include title transfer and tag transfer fee amounts in making payment to insureds who have suffered a total loss. Defendants thus breached their policy contracts with Plaintiffs and every member of the Classes defined below.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because (a) Plaintiffs are member of putative classes, consisting of at least 100 members; (b) Plaintiffs are New Jersey citizens and Defendants are Ohio citizens; and (c) the amount-in-controversy exceeds the sum of $5 million exclusive of interest and costs.

12. Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and Defendants are subject to personal jurisdiction here.

## PARTIES

13. Plaintiff Kaminsky is and was domiciled in Middlesex County, New Jersey, and was a New Jersey citizen at all times relevant to this lawsuit.

14. Plaintiff Ferrara is and was domiciled in Essex County, New Jersey and was a New Jersey citizen at all times relevant to this lawsuit.

15. Plaintiff Nanku is and was domiciled in Union County, New Jersey and was an New Jersey citizen at all times relevant to this lawsuit.

16.     Progressive Garden State is and was, at all times relevant to this lawsuit, an Ohio corporation with its principal place of business in Ohio.  Progressive Garden State is authorized to transact insurance in New Jersey.

17.     Drive New Jersey is and was, at all times relevant to this lawsuit, an Ohio corporation with its principal place of business in Ohio.  Drive New Jersey is authorized to transact insurance in New Jersey.

## FACTUAL ALLEGATIONS

**A.**   *The Progressive Policy*

18.     The Progressive Policy provides that for "Collision" and "Comprehensive" coverages, Defendants will pay for each "loss" to an "covered auto" or "non-owned auto."  (Ex. A, Progressive Policy at 38-39.)

19.     The Progressive Policy represents that a limit of Defendants' liability for loss, with respect to "Collision" and "Comprehensive" coverage, is "the actual cash value of the stolen or damaged property at the time of the loss reduced by the applicable deductible."  (*Id*. at 43.)

20.     In the event of a loss, including a total loss, the Progressive Policy provides that Defendants may either: (1) pay for the loss in money, or (2) repair or replace the damaged or stolen property.  (*Id*. at 45.)

21.     As a matter of uniform procedure and process, when an insured suffers a total loss, Defendants elect to pay for the loss, rather than repair or replaced the damaged vehicle.

22.     Because a total loss is the term used to describe the scenario in which the cost to repair the damage exceeds the ACV of the vehicle, the relevant limitation on liability in the context of a total loss is always ACV.

23.     Thus, in the context of a total loss, Defendants are obligated to pay at least ACV.

4

24. The Progressive Policy does not condition any aspect of coverage upon the purchase of a replacement vehicle or incurring costs associated with replacing the insured loss, whether a total or partial loss.

25. Upon information and belief, each Class member was insured under policies that were materially identical to the Progressive Policy with respect to Defendants obligation to pay ACV in the event of a total loss.

**B.**  *The Promise to Pay ACV Includes the Obligation to Pay Applicable Replacement Fees*

26. Title transfer fees and registration transfer fees are necessary and mandatory vehicle replacement costs in New Jersey.

27. Throughout the class period, New Jersey prohibited buying or selling motor vehicles unless the certificate of title under the name of the buyer was provided. New Jersey also prescribes the method and form for applying for transfer of certificate of title into the name of the buyer. New Jersey imposes a flat (minimum) fee on certificate of title transfers. These title transfer fees are mandatory and apply to the replacement of all total-loss vehicles in New Jersey. At the time of Plaintiffs' total losses, the title transfer fee was $85.00.

28. Unlike some states, New Jersey does not prescribe an exception to the imposition of the title transfer fees for consumers who are replacing a total-loss vehicle. Instead, the title transfer fee is applicable to all vehicle purchases, including when replacing a total-loss vehicle.

29. Throughout the class period, New Jersey required that every vehicle be legally and properly registered to be used or operated on New Jersey highways and roadways. These registration fees are mandatory and apply to the purchase of all vehicles in New Jersey, including when replacing a total-loss vehicle. The registration transfer fee at the time of loss on Plaintiffs' replacement vehicle was $4.50.

30. By promising to pay ACV, Defendants promised to pay these mandatory vehicle replacement costs as part of its Collision and Comprehensive coverages

31. Defendants, however, by the conduct alleged herein, breached their contracts with Plaintiffs and the other Class members by failing to pay title transfer fees or registration transfer fees upon the total-loss of an insured vehicle.

**C.    *Defendants Failed to Pay Plaintiffs the ACV to Which They Were Entitled***

32. Plaintiff Ferrara entered into an agreement under the Progressive Policy to be insured by Progressive Garden State.

33. The Progressive Policy provided physical damage coverage for Plaintiff Ferrara's 2011 Cadillac CTS Premium 4 Door Sedan, VIN No. 1G6DS5ED7B0129469.

34. On or about December 4, 2015, Plaintiff Ferrara was involved in an auto collision while operating the insured vehicle.  Plaintiff Ferrara filed a claim with Progressive Garden State following the accident, Claim No. 15-4958330-01.

35. Progressive Garden State determined that Plaintiff Ferrara's vehicle was a total loss and that the claim was a covered claim.

36. Progressive Garden State, through a third-party vehicle valuation provider, determined the vehicle had a base value of $17,216.13 and an adjusted value (after adjustments for condition and after-market parts) of $17,254.85. (Exhibit B, Ferrara Market Valuation Report.)

37. Progressive Garden State then added sales tax in the amount of $1,207.84 for a total of $18,462.69.  (Exhibit C, Ferrara Total Loss Settlement Letter.)  Progressive Garden State did not include any amount for title transfer or tag transfer fees.

38. Progressive Garden State's failure to pay title transfer and tag transfer fees to Plaintiff Ferrara at the time of the loss breached the Progressive Policy because these fees are

mandatory costs necessary for the full payment of the loss suffered and constitute elements of the ACV of the insured vehicle.

39. Plaintiff Nanku entered into an agreement under the Progressive Policy to be insured by Progressive Garden State.

40. The relevant policy provided physical damage coverage for Plaintiff Nanku's 2009 Nissan Murano SL, VIN No. JN8AZ18W152905.

41. On or about February 8, 2019, Plaintiff Nanku was involved in an auto collision while operating the insured vehicle. Plaintiff Nanku filed a claim with Progressive Garden State following the accident, Claim No. 19-4208744-01.

42. Progressive Garden State determined that Plaintiff Nanku;s vehicle was a total loss and that the claim was a covered claim.

43. Progressive Garden State, through its third-party vehicle valuation provider, determined that Plaintiff Nanku's vehicle had a base value of $6,605.88 and an adjusted value of $6,148.94. (Exhibit D, Nanku Market Valuation Report.)

44. Progressive Garden State then added sales tax of $407.37 and subtracted a deductible of $2,000, for a total of $4,556.31. (Exhibit E, Nanku Total Loss Settlement Letter.) Progressive Garden State did not include any amount for title or tag transfer fees.

45. Progressive Garden State's failure to pay title transfer and tag transfer fees to Plaintiff Nanku at the time of the loss breached the Progressive Policy because these fees are mandatory costs necessary for full payment for the loss suffered and constitute elements of the ACV of the insured vehicle.

46. Plaintiff Kaminski entered into an agreement under the Progressive Policy to be insured by Drive New Jersey.

47. The relevant policy provided physical damage coverage for Plaintiff Kaminski's 2014 Hyundai Sonata Limited VIN No. 5 NPEC4AC6EH910341.

48. On or about February 16, 2019, Plaintiff Kaminsky was involved in an auto collision while operating his insured vehicle. Plaintiff Kaminski filed a claim with Drive New Jersey following the accident, claim number 19-3910625-01.

49. Drive New Jersey determined that the vehicle was a total loss and that the claim was a covered claim.

50. Drive New Jersey, through its third-party vehicle valuation provider, determined the vehicle had a base value of $11,729.44 and an adjusted value of $11,516.23. (Exhibit F, Kaminski Market Valuation Report.)

51. Drive New Jersey then added $762.95 in sales tax and subtracted a $500.00 deductible, for a total of $11,779.18. Drive New Jersey did not include any amount in title transfer or tag transfer fees.

52. Drive New Jersey's failure to pay title transfer and tag transfer fees to Plaintiff Kaminski at the time of the loss breached the Policy because these fees are mandatory costs necessary for full payment for the loss suffered and constitute elements of the ACV of the insured vehicle.

53. Plaintiffs paid all premiums owed and otherwise satisfied all conditions precedent such that his insurance policy was in effect and operational at the time of the accident.

54. Plaintiffs and all members of the Classes, as defined below, were owed title transfer fees in the amount of $85.00 and tag transfer fees in the amount of $4.50.

## CLASS ALLEGATIONS

55. Plaintiffs bring this action pursuant to Rules 23(a), 23(b)(2), and, and 23(b)(3) of

the Federal Rules of Civil Procedure on behalf of themselves and the following Classes.

56. Plaintiffs Ferrara and Nanku seek to represent a class (the "Progressive Garden State Class") defined as:

> All persons: (a) who insured a vehicle for physical damage coverage under a New Jersey automobile insurance policy issued by Progressive Garden State, (b) who made a claim under the policy for physical damage, (c) whose claim was adjusted as a total-loss within the six-year time period prior to the date on which this lawsuit was filed until the date of any certification order, (d) who were paid on an ACV basis, and (e) not paid the costs of title transfer fees or registration transfer fees.

57. Plaintiff Kaminski seeks to represent a class (the "Drive New Jersey Class") defined as:

> All persons: (a) who insured a vehicle for physical damage coverage under a New Jersey automobile insurance policy issued by Drive New Jersey, (b) who made a claim under the policy for physical damage, (c) whose claim was adjusted as a total-loss within the six-year time period prior to the date on which this lawsuit was filed until the date of any certification order, (d) who were paid on an ACV basis, and (e) not paid the costs of title transfer fees or registration transfer fees.

58. Excluded from the Classes are Defendants and any of their members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

59. This action has been brought and may properly be maintained on behalf of the Classes proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

60. **Numerosity – Federal Rule of Civil Procedure 23(a)(1)**. The members of the Classes are so numerous that individual joinder of all Class members is impracticable. While Plaintiffs are informed and believe that there are thousands of members in each Class, the precise number of Class members is unknown to Plaintiffs, but may be ascertained from Defendants'

books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

61. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether Defendants' agreement to pay ACV in the event of total loss obligated Defendants to pay the costs of title transfer fees and registration transfer fees to Plaintiffs and the other Class members;

   b. whether Defendants breached their contracts with Plaintiffs and the other Class members; and

   c. the amount and nature of relief to be awarded to Plaintiffs and the other Class members.

62. **Typicality – Federal Rule of Civil Procedure 23(a)(3)**. Plaintiffs' claims are typical of the other Class members' claims because Plaintiffs and the other Class members were all similarly affected by Defendants' failure to pay the costs of title transfer fees and registration transfer fees under New Jersey insurance policies that provided for an ACV payment in the event of total loss. Plaintiffs' claims are based upon the same legal theories as those of the other Class members. Plaintiffs and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendants engaged. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the other Class members

63. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate Class representatives because their interests do not conflict with the

interests of the other Class members who they seek to represent, Plaintiffs have retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to include sales tax, title transfer fees, and tag transfer fees in total loss situations, and Plaintiffs intend to prosecute this action vigorously.  The Classes' interests will be fairly and adequately protected by Plaintiffs and their counsel.

64. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

65. **Superiority – Federal Rule of Civil Procedure 23(b)(3).**  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for the Class members to individually seek redress for Defendants' wrongful conduct.  Even if the Class members could afford litigation the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CLAIMS

**COUNT I – BREACH OF CONTRACT AGAINST PROGRESSIVE GARDEN STATE**

66. Plaintiffs Ferrara and Nanku incorporate by reference each allegation set forth in the preceding paragraphs.

67. Plaintiffs Ferrara and Nanku bring this claim individually and on behalf of the other Progressive Garden State Class members.

68. Plaintiffs Ferrara and Nanku and each of the other Progressive Garden State Class members were parties to insurance contracts with Progressive Garden State, as described herein.

69. Plaintiffs Ferrara and Nanku and each of the other Progressive Garden State Class members' insurance contracts with Progressive Garden State are governed by New Jersey law.

70. Plaintiffs Ferrara and Nanku and each of the other Progressive Garden State Class members made claims under their insurance contracts with Progressive Garden State, which Progressive Garden State determined to be first-party total losses under the insurance contract, and which Progressive Garden State determined to be covered claims.

71. Pursuant to the above-described contractual provisions, upon the total loss of their insured vehicles, Plaintiffs Ferrara and Nanku and each of the other Progressive Garden State Class members were each owed the ACV of their vehicles, which includes title transfer fees and registration transfer fees.

72. Progressive Garden State failed to pay the requisite costs title transfer fees and registration transfer fees to Plaintiffs Ferrara and Nanku and each of the other Progressive Garden State Class members on their total loss claims.

73. Progressive Garden State's failure to pay the requisite costs of title transfer fees and registration transfer fees constitutes a material breach of Progressive Garden State's policy

contracts with Plaintiffs Ferrara and Nanku and each of the other Progressive Garden State Class members.

74. As a result of Progressive Garden State's contractual breaches, Plaintiffs Ferrara and Nanku and each of the other Progressive Garden State Class members have been damaged, and are entitled under Progressive Garden State's insurance contracts to sums representing the benefits owed for title transfer fees and registration transfer fees, as well as costs, pre-judgment and post-judgment interest, injunctive relief, and other relief as appropriate.

### COUNT II – BREACH OF CONTRACT AGAINST DRIVE NEW JERSEY

75. Plaintiff Kaminski incorporates by reference each allegation set forth in paragraphs 1-55 and 57-65.

76. Plaintiff Kaminski bring this claim individually and on behalf of the other Drive New Jersey Class members.

77. Plaintiff Kaminski and each of the other Drive New Jersey Class members were parties to insurance contracts with Drive New Jersey, as described herein.

78. Plaintiff Kaminski and each of the other Drive New Jersey Class members' insurance contracts with Drive New Jersey are governed by New Jersey law.

79. Plaintiff Kaminski and each of the other Drive New Jersey Class members made claims under their insurance contracts with Drive New Jersey, which Drive New Jersey determined to be first-party total losses under the insurance contract, and which Drive New Jersey determined to be covered claims.

80. Pursuant to the above-described contractual provisions, upon the total loss of their insured vehicles, Plaintiff Kaminski and each of the other Drive New Jersey Class members were each owed the ACV of their vehicles, which includes title transfer fees and registration transfer

fees.

81.     Drive New Jersey failed to pay the requisite costs title transfer fees and registration transfer fees to Plaintiff and each of the other Drive New Jersey Class members on their total loss claims.

82.     Drive New Jersey's failure to pay the requisite costs of title transfer fees and registration transfer fees constitutes a material breach of Drive New Jersey's policy contracts with Plaintiff Kaminski and each of the other Drive New Jersey Class members.

83.     As a result of Drive New Jersey contractual breaches, Plaintiff and each of the other Drive New Jersey Class members have been damaged, and are entitled under Drive New Jersey insurance contracts to sums representing the benefits owed for title transfer fees and registration transfer fees, as well as costs, pre-judgment and post-judgment interest, injunctive relief, and other relief as appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

a.      An order certifying the proposed Classes, as requested herein, designating Plaintiffs as Class representative, and appointing Plaintiffs' undersigned attorneys as counsel for the Classes;

b.      An award of compensatory damages, and all other available damages, for Plaintiff and the other Class members, as well as pre- and post- judgment interests on any amounts awarded;

c.      An order enjoining Defendants from continuing the illegal practices alleged herein, and for other injunctive relief as is proven appropriate in this matter;

d.      An award of attorney's fees, expenses, and costs of suit as appropriate pursuant to applicable law; and

e. An order providing such other and further forms of relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: February 3, 2020                              Respectfully submitted,

/s/ *Mark A. DiCello*
Mark A. DiCello
**DICELLO LEVITT GUTZLER LLC**
Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio 44060
Telephone: (440) 953-8888
madicello@dicellolevitt.com

Adam J. Levitt*
Daniel R. Ferri*
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com

Edmund A. Normand*
Jacob Phillips*
**NORMAND LAW, PLLC**
62 West Colonial Street, Suite 209
Orlando, Florida 32814
Telephone: 407-603-6031
ed@ednormand.com
jacob@ednormand.com

*Counsel for Plaintiff
and the Proposed Class*

*Application for admission *pro hac vice* to be submitted

15